United States Courts
Southern District of Texas
FILED

*January 19, 2022*

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **Case No. 4:18-CR-339-3** |
| | § | **UNDER SEAL** |
| **HASSAN BARNES,** | § | |
| | § | Not Sealed p/Court's Instruction |
| **Defendant.** | § | |

**PLEA AGREEMENT**

The United States of America, by and through Jennifer B. Lowery, United States Attorney

for the Southern District of Texas, and Devon Helfmeyer, Trial Attorney, United States

Department of Justice, Criminal Division, Fraud Section, and the defendant, HASSAN BARNES

(Defendant), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal

Rules of Criminal Procedure, state that they have entered into an agreement, the terms and

conditions of which are as follows:

**Defendant's Agreements**

1.      Defendant agrees to plead guilty to Count One of the Indictment.  Count One

charges the Defendant with conspiracy to unlawfully distribute and dispense controlled substances

without a legitimate medical purpose and outside the course of professional practice, in violation

of Title 21, United States Code, Section 846.  Defendant, by entering this plea, agrees that he is

waiving any right to have the facts that the law makes essential to the punishment proven to a jury

or a judge beyond a reasonable doubt.

**Punishment Range**

2.      The *statutory* maximum penalty for a violation of Title 21, United States Code,

Section 846, is a term of imprisonment of not more than twenty years and a fine of not more than

$1,000,000. Additionally, Defendant may receive a term of supervised release after imprisonment of at least three years. *See* 18 U.S.C. §§ 3559(a)(3), 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for no more than two years, without credit for time previously served on post-release supervision. *See* 18 U.S.C. §§ 3559(a)(3), 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3.      Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

2

## Exclusion from Federal Health Care Programs

5.     Defendant understands and acknowledges that as a result of this plea, Defendant will be excluded from participating in all federal healthcare programs, including the Medicare and Medicaid Programs (Medicare and Medicaid, respectively).  Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to, the United States Department of Health and Human Services, to effectuate this exclusion within sixty days of receiving the documents.  This exclusion will not affect Defendant's right to apply for and receive benefits as a beneficiary under any federal health care program, including Medicare and Medicaid.

## Cooperation

6.     The parties understand this Plea Agreement carries the potential for a motion for departure under Section 5K1.1 of the United States Sentencing Guidelines.  Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Department of Justice, Criminal Division, Fraud Section.  Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines.  Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in paragraphs 17 through 24 of this Plea Agreement.  Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

7.     Defendant understands and agrees that the usage "fully cooperate," as used herein, includes providing all information relating to any criminal activity known to Defendant—

3

including, but not limited to, distributing and dispending controlled substances and healthcare fraud. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a)    Defendant agrees that this Plea Agreement binds only the United States Attorney for the Southern District of Texas; the United States Department of Justice, Criminal Division, Fraud Section; and Defendant, and that it does not bind any other United States Attorney or other component or unit of the Department of Justice;

(b)    Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this Agreement;

(c)    Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)    Defendant agrees to provide truthful, complete, and accurate information and testimony and understands any false statements made by Defendant to the grand jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e)    At the Government's specific request, Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(f)    Should the recommended departure, *if any*, not meet Defendant's expectations, Defendant understands that he remains bound by the terms of this Plea Agreement and that he cannot, for that reason alone, withdraw his plea.

### The United States' Agreements

8.    The United States agrees to each of the following:

(a)    At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two-level downward adjustment under Section 3E1.1(a) of the Sentencing Guidelines should Defendant accept responsibility as contemplated by the Sentencing Guidelines;

(b)  If the Court determines that Defendant qualifies for an adjustment under Section 3E1.1(a) of the Sentencing Guidelines and Defendant's offense level is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently;

(c)  If Defendant fulfills his obligations under this Plea Agreement, and a Motion is made to the Court; the United States will recommend to the Court that the reduction in sentence be subtracted from the low end of the applicable guideline range, or the statutory maximum, whichever is lower; and

(d)  If Defendant pleads guilty to Count One of the Indictment, persists in that plea through sentencing, and, if applicable, fulfills his obligations under the cooperation provisions of this Plea Agreement; and if the Court accepts this Plea Agreement, the United States will move to dismiss any remaining counts of the Indictment at the time of sentencing.

## Agreement Binding – Southern District of Texas and U.S. Department of Justice, Criminal Division, Fraud Section Only

9.   The United States Attorney's Office for the Southern District of Texas and the United States Department of Justice, Criminal Division, Fraud Section agree that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment.  This plea agreement binds only the United States Attorney's Office for the Southern District of Texas; the United States Department of Justice, Criminal Division, Fraud Section; and Defendant.  It does not bind any other United States Attorney or any other component of the Department of Justice.  The United States Attorney's Office for the Southern District of Texas and the Department of Justice, Criminal Division, Fraud Section will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

10.   The United States reserves the right to carry out its responsibilities under the

5

Sentencing Guidelines. Specifically, the United States reserves the right to:

(a)   Bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)   Set forth or dispute sentencing factors or facts material to sentencing;

(c)   Seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)   File a pleading relating to these issues, in accordance with Section 6A1.2 of the Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e)   Appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

11.     Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to be run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

12.     In signing this plea agreement, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing

range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, **did not induce his guilty plea**, and is not binding on the United States, the Probation Office, or the Court.  The United States does not make any promise or representation concerning what sentence the Defendant will receive.

13.     The United States and Defendant agree to recommend to the Court that the following Sentencing Guidelines apply to Defendant's Guidelines range, based on the factual basis for the guilty plea in Paragraph 15:

(a)     Defendant and the United States agree to recommend to the Court that the base offense level for Count One, Conspiracy to Distribute and Dispense Controlled Substances, is determined by the Drug Quantity Table in Section 2D1.1(c) of the Sentencing Guidelines;

(b)     Defendant and the United States agree to recommend to the Court that the Defendant was personally involved in the distribution of, or it was reasonably foreseeable to the Defendant that his co-conspirators at CC Pharmacy distributed, without a legitimate medical purpose and outside the scope of professional practice, in furtherance of the conspiracy, at least 10,000 kilograms of drug equivalent weight, which corresponds to a base offense level of at least 34.  The drugs that are the basis of this drug equivalent are hydrocodone and oxycodone, both Schedule II controlled substances.

(c)     Defendant and the United States agree to recommend to the Court that the Defendant abused his position of trust as a pharmacist, which corresponds to a 2-level enhancement under Section 3B1.3(b)(12).

### Rights at Trial

14.     Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance.  Defendant understands that by entering into this Plea Agreement, he surrenders certain rights as provided in this Plea Agreement.  Defendant understands that those rights include the following:

(a)     If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel.

The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the Court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses, and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. But if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

15.     Defendant is pleading guilty because he *is* guilty of the charges contained in Count One of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offenses beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt:

From in or around March 2016, and continuing through in or around August 2017, Defendant Hassan Barnes was the Pharmacist-in-Charge of CC Pharmacy, a cash-only retail pharmacy in Houston owned by Clint Carr and Dustin Curry. Defendant Barnes was licensed by the State of Texas as a pharmacist. Through Defendant Barnes, CC Pharmacy primarily dispensed controlled substances, including hydrocodone and oxycodone, without a legitimate medical purpose and outside the course of any professional medical practice.

CC Pharmacy exclusively did business with eight-to-ten drug couriers. Drug couriers, known only by their nicknames or initials, submitted forged or stolen prescriptions for controlled substances, including hydrocodone and oxycodone, to CC Pharmacy. Drug couriers delivered prescriptions for controlled substances that were not written or authorized by a physician.

8

Defendant Barnes filled these prescriptions, knowingly dispensing hydrocodone, oxycodone, and other controlled substances in violation of his corresponding responsibility as a pharmacist, without a legitimate medical purpose, and outside the course of any professional medical practice.

Carr, Curry, Barnes, and other CC Pharmacy officers and employees represented to authorities that CC Pharmacy had relationships with long term care facilities, nursing homes, and/or hospice care centers to fill prescriptions for their patients. No such relationship existed.

Carr and Curry, with assistance from Defendant Barnes, established two more pharmacies in Texas: CC Pharmacy 2 in Austin, and CC Pharmacy 3 in Round Rock. Defendant Barnes had an employment contract that called for him to receive a salary increase upon the opening of each new CC Pharmacy location. Carr and Curry used CC Pharmacy 2 and CC Pharmacy 3 for the sole purpose of purchasing controlled substances from drug wholesalers and transferring them to CC Pharmacy in Houston. Almost all of the controlled substances bought by CC Pharmacy 2 and CC Pharmacy 3 were knowingly and intentionally dispensed and distributed from CC Pharmacy in Houston to drug couriers, dispensed by Defendant Barnes without a legitimate medical purpose and outside the course of any professional medical practice. From in or around March 2016, and continuing through in or around August 2017, Carr, Curry, Barnes, and other CC Pharmacy officers and employees knowingly and intentionally distributed hydrocodone, oxycodone, and other drugs with a converted drug weight of at least 10,000 Kg.

In addition to receiving a salary, Carr and Curry paid Defendant Barnes $500 cash weekly for acting as CC Pharmacy's pharmacist-in-charge. Defendant Barnes received at least $18,000 cash in this manner.

### Breach of Plea Agreement

16.      If Defendant should fail in any way to fulfill completely all of the obligations under

this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand.  Failure to fulfill completely all of the obligations under this Plea Agreement includes, but is not limited to, failure to tender the Plea Agreement to the Court, making false or misleading statements before the Court or to any agents of the United States, committing any further crime, or attempting to withdraw the Plea after the district court accepts Defendant's guilty plea.  If at any time Defendant retains, conceals, or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.  Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Forfeiture and Fines

17.     This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would affect a transfer of property in which he has an interest, unless he obtains the United States' prior written permission.

18.     Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) no later than 30 days after the re-arraignment. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's

complete financial disclosure.

19.     Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.  Defendant also agrees to direct any banks that have custody of his assets to deliver all funds and records of such assets to the United States.

20.     Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Forfeiture

21.     Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

22.     Defendant stipulates and agrees that the Defendant obtained *at least* $18,000 from the criminal offenses and that the factual basis for his guilty plea supports the forfeiture of *at least* $18,000.  Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Codes, Section 853(p), exists.  Defendant agrees to forfeit any of his property in substitution, up to a total forfeiture of $18,000.  Defendant agrees to the imposition of a personal money judgment in that amount.

23.     Defendant agrees to waive any and all interest in any asset that is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

24.     Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of

Criminal Procedure.

## Fines

25.     Defendant understands that, under the Sentencing Guidelines, the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.  Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.

**Complete Agreement**

26.     This written Plea Agreement, consisting of 15 pages, including the Plea Agreement

Addendum, constitutes the complete agreement between the United States, Defendant, and his

counsel.  No promises or representations have been made by the United States except as set forth

in writing in this Plea Agreement.  Defendant acknowledges that no threats have been made against

him and that he is pleading guilty freely and voluntarily because he is guilty.

27.     Any modification of this Plea Agreement must be in writing and signed by all

parties.

Filed at ___Houston___, Texas, on ___January 19___, 2022.

_____
Defendant

Subscribed and sworn to before me on ___January 19___, 2022.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

JENNIFER B. LOWERY
United States Attorney

ALLAN MEDINA
Chief, Healthcare Fraud Unit
Fraud Section, U.S. Department of Justice

By: _____          _____
Devon Helfmeyer                                   Cornel Williams
Trial Attorney                                         Attorney for Defendant
Fraud Section, Criminal Division
U.S. Department of Justice
Telephone: (713) 567-9513
E-mail: Devon.Helfmeyer@usdoj.gov

13

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Case No. 4: 18-CR-339-1 |
| | § | <u>UNDER SEAL</u> |
| HASSAN BARNES, | § | |
| | § | |
| Defendant. | § | |

### PLEA AGREEMENT ADDENDUM

I have fully explained to Defendant his rights with respect to the Information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements, and I have fully and carefully explained to Defendant the provisions of those Guidelines that may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory, and the Court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Cornel Williams
Attorney for Defendant

1/19/2022
Date

I have consulted with my attorney and fully understand all my rights with respect to the Information against me.  My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual that may apply in my case.  I have read and carefully reviewed every part of this Plea Agreement with my attorney.  I understand this Plea Agreement, and I voluntarily agree to its terms.


_____

Hassan Barnes
Defendant

1/19/20 22
_____
Date